JOSEPHINE M. TALLMAN ET AL., PLAINTIFFS-RESPOND-
ENTS, v. TRIANGLE BUS COMPANY, DEFENDANT-AP-
PELLANT.

Submitted November 5, 1925—Decided March 18, 1926.

**Common Carriers—Payment of Fare—Dispute About Payment—
Evidence to Let Case go to Jury—Evidence Also Admitted
Regarding Failure of Defendant to Use Bus Afterward and
Loss Sustained Thereby—No Evidence That She was Re-
fused the Use of the Bus, the Proofs Showing She Made no
such Effort—Judgment Reversed.**

On appeal from the Monmouth Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH
and CAMPBELL.

For the appellant, *Quinn, Parsons & Doremus.*

For the respondents, *Howard S. Higginson.*

PER CURIAM.

This is an appeal from a judgment of the Monmouth Cir-
cuit Court in the sum of $500 in favor of Josephine M. Tall-
man, recovered by her in an action against the appellant for
alleged unlawful ejection from one of its vehicles used in
the transportation of passengers for hire.

There are three grounds of appeal.

The first and second are that the trial court was in error
in refusing to nonsuit and direct a verdict in favor of ap-
pellant.

These motions were made upon the ground that the evi-
dence did not show that the respondent had paid the correct
and lawful fare.

The proofs, however, left this question to be settled as one
'f fact. The respondent testified that she had paid her fare
and that the operator of the bus demanded of her the pay-

ment of a fare which he insisted she had failed to pay him on a previous trip. The operator of the vehicle testified that respondent paid him ten cents as her fare, while the correct amount was twenty cents, and she refused to pay the balance and became abusive and disorderly.

We conclude that it was not error, therefore, to refuse to nonsuit or direct a verdict because there was testimony requiring a submission to the jury to ascertain the truth as to the matter.

The third ground of appeal is directed to the alleged erroneous rulings of the trial court in permitting answers to the following questions upon the direct examination of the respondent:

(a) "Did you walk that entire distance?" This related to the fact that after the occurrences complained of respondent ceased using the vehicles of appellant and walked from her home to her place of business. This question was objected to by appellant and the objection was overruled.

(b) "Did you lose any days with Eisner?" This question was not objected to nor was the following one, although an objection came immediately after answer thereto, and after argument counsel for respondent stated "I will not press it. I will withdraw it."

(c) "Was it one of those cold or warm January days?" This was objected to and an objection made to entire line of testimony of this character.

(d) "Can you tell how many times you did walk?"

(e) "Did you procure the services of a doctor?"

We find nothing in the case warranting testimony upon these lines. There is nothing showing that respondent, by the payment of the proper and legal fare, could not have continued to be transported by the buses of appellant to and from her place of work.

The proofs show that she made no such effort. Testimony that she lost time from her work, that she suffered physical discomfort and that she became ill because of exposure and exertion in walking this distance to and from her place of

employment was therefore irrelevant and harmful, and prejudicial to appellant.

For this trial error the judgment below must be reversed, with costs.